IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM McKOY, Sr.,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-05-0779 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **CRAIG APKER, Warden,** | : | |
| | : | |
| Respondent | : | |

## **M E M O R A N D U M**

### **I.    Introduction**

Petitioner, William McKoy, Sr., a federal prisoner confined in the Allenwood Low Security Correctional Institution ("LSCI-Allenwood") at White Deer, Pennsylvania, commenced this action with a *pro se* petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241.  Respondent is Craig Apker, Warden at LSCI-Allenwood.

### **II.    Background**

The following facts are alleged in the petition for writ of habeas corpus (Doc. 1).  Petitioner, a native and citizen of Jamaica, entered the United States on or about July 4, 1985 as a nonimmigrant visitor for pleasure.  On April 17, 2003, he was convicted in the United States District Court for the District of Nebraska of criminal

forfeiture and possession with intent to distribute a controlled substance.  As a result of his conviction, Petitioner was sentenced to sixty-three (63) months imprisonment and sixty (60) months supervised release.  Thereafter, on June 4, 2003, the Bureau of Immigration and Customs Enforcement ("ICE") lodged a detainer against Petitioner, which was related to a deportation investigation.  Petitioner is currently serving his federal sentence at LSCI-Allenwood.

Petitioner is challenging his conviction and sentence on the federal charges, claiming that he was "without the knowledge . . . that he . . . has the right to contact his country's diplomate [sic] consular official to request for [sic] a proper assistance to mount his defense."  (Doc. 1 at 3.)  He argues that the arresting authorities abused their discretion "by not notifying . . . [Petitioner] of his right to contact diplomatic officials . . . and there was a likelihood that the contact would have resulted in [a favorable outcome in his criminal trial]."  (*Id*. at 7.)  He claims that contact with his consular office would have placed him on an equal footing with American citizens in the judicial system, and lack of notice of the right to consular contact violates the Equal Protection Clause of the United States Constitution.  (*Id*. at 8.)  "As the result from [sic] lack of assistance and unfamiliarity with the justice system . . . most aliens were convicted as a result of the Court's acceptance of their plea agreement."  (*Id*. at 12.)

2

For relief, Petitioner seeks: (1) release, a new trial, and/or an order vacating the indictment and/or conviction, (2) injunctive relief precluding further "unlawful" detention of Petitioner, (3) attorney's fees and costs, and (4) such other relief the court deems appropriate.  (*Id*. at 18.)   For the reasons that follow, the court finds that § 2241 relief is procedurally unavailable to Petitioner, and the petition will be dismissed.

### III.   Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  *See, e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself."  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *accord Love v. Butler*, 952

F.2d 10, 15 (1st Cir. 1991). The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

Generally, a challenge to the validity of a conviction or sentence must be brought in a § 2255 motion. *See United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Thus, Petitioner's proper avenue of relief is a § 2255 motion, filed in the district court where he was convicted, *see United States v. Hatcher*, 76 F. Supp. 2d 604, 606 (E.D. Pa. 1999), unless the Petitioner can show that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000).

The Third Circuit has stated that such inadequacy or ineffectiveness is present, thereby allowing a § 2241 petition to substitute for a § 2255 motion, only where it is established " 'that some limitation of scope or procedure would prevent a § 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.' " *Brooks*, 230 F.3d at 648 (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). Section 2241 should not be used as a way of evading the gatekeeping provisions of § 2255. *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).

Petitioner has the burden of proving that § 2255 would be an inadequate or ineffective remedy. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Although Petitioner may now be precluded from utilizing the § 2255 remedy for procedural reasons, § 2255 is not inadequate or ineffective merely because Petitioner is unable to meet the limitations or gatekeeping requirements of the section. *Dorsainvil*, 119 F.3d at 251. At best, Petitioner has only demonstrated a personal inability to utilize the § 2255 remedy. He does not, however, establish the general inadequacy or ineffectiveness of the remedy. Since § 2255 was not inadequate or ineffective to test the legality of Petitioner's conviction or sentence, the court will dismiss this § 2241 petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In short, the court lacks jurisdiction to hear Petitioner's § 2255 claims. *See* 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court established by Act of Congress . . . may move *the court which imposed the sentence* to vacate, set aside, or correct the sentence.") (emphasis added). An appropriate order will issue.

    s/Sylvia H. Rambo  
    SYLVIA H. RAMBO  
    United States District Judge

Dated: May 2, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM McKOY, Sr.,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-05-0779 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **CRAIG APKER, Warden,** | : | |
| | : | |
| Respondent | : | |

## **O R D E R**

In accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) is **DISMISSED** under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, without prejudice to Petitioner filing a motion for relief under 28 U.S.C. § 2255.

2) The Clerk of Court is directed to close this case.

                                          s/Sylvia H. Rambo
                                          SYLVIA H. RAMBO
                                          United States District Judge

Dated: May 2, 2005.