UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **WILLIAM McKOY, Sr.,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-05-0779** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **CRAIG APKER, Warden,** | : | **FILED** |
| | : | **HARRISBURG** |
| **Respondent** | : | JUL 1 1 2005 |
| | : | MARY E. D'ANDREA, CLERK |
| | | Per_____ |
| | | DEPUTY CLERK |

## MEMORANDUM and O R D E R

Petitioner, William McKoy, Sr., an inmate at the Allenwood Federal

Correctional Institution in White Deer, Pennsylvania, commenced this action with a

*pro se* petition for writ of habeas corpus filed pursuant to the provisions of 28 U.S.C.

§ 2241. In his petition, Petitioner challenged his conviction and sentence on federal

charges, claiming that he was "without the knowledge . . . that he . . . has the right to

contact his country's diplomate [sic] consular official to request for [sic] a proper

assistance to mount his defense." (Doc. 1 at 3.) He argued that the arresting

authorities abused their discretion "by not notifying . . . [Petitioner] of his right to

contact diplomatic officials . . . and there was a likelihood that the contact would have resulted in [a favorable outcome in his criminal trial]." (*Id*. at 7.)  He claimed that contact with his consular office would have placed him on an equal footing with American citizens in the judicial system, and lack of notice of the right to consular contact violates the Equal Protection Clause of the United States Constitution. (*Id*. at 8.) "As the result from [sic] lack of assistance and unfamiliarity with the justice system . . . most aliens were convicted as a result of the Court's acceptance of their plea agreement." (*Id*. at 12.)  On May 2, 2005, this court denied the habeas petition.

Presently before the court is Petitioner's motion for reconsideration of the court's order denying habeas relief.  Because this court finds that Petitioner has failed to make the showing required for a successful motion for reconsideration, Petitioner's motion will be denied.

A motion for reconsideration is a device of limited utility, and it permits the district court to reconsider its prior judgment. *Hairston v. Alert Safety Light Products*, 307 F.3d 717 (8th Cir. 2002).  It may be used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985).  It has also been held that a motion for

2

reconsideration is appropriate in instances where the court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." *See Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In his pending motion, Petitioner fails to demonstrate a change of law, new evidence, or a need to correct a clear error of law that indicates his previous claim merits reconsideration. Petitioner merely wants a "reconsideration on the merit[s]" (Doc. 5 at 8), and he is asking this court to rethink its earlier decision. Such a request is not an appropriate basis for reconsideration. *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (a motion for reconsideration is *not* properly grounded on a request that a court rethink a decision already made).

Accordingly, this court finds that Petitioner has not satisfied the requirements for a successful motion for reconsideration, and, therefore, Petitioner's motion (Doc. 5) is **DENIED**.

Sylvia H. Rambo
United States District Judge

Dated: July //, 2005